JOURNAL ENTRY AND OPINION
Defendant-appellant Pernell Ponius appeals the sentencing by the trial court and claims that the trial court's imposition of consecutive terms of incarceration is disproportionate to the nature of his conduct under the sentencing guidelines. For the following reasons, we reject his contention and affirm.
On December 13, 2000, the Cuyahoga County Grand Jury indicted defendant on three counts: one count of trafficking in cocaine, in violation of R.C. 2925.03; one count of possession of drugs, in violation of R.C.2925.11; and one count of possession of criminal tools, in violation of R.C. 2923.24.
On January 30, 2001, defendant entered pleas of guilty to trafficking in cocaine and possession of drugs. The charge of possession of drugs was dismissed.
The sentencing hearing took place on February 27, 2001. The trial court sentenced defendant to one year for each offense, to run consecutively. The total sentence was two to six years.
Defendant appeals the trial court's sentencing and asserts the following assignment of error:
 I. THE TRIAL COURT ERRED AND DEFENDANT WAS PREJUDICED BY IMPOSITION OF CONSECUTIVE AND MAXIMUM SENTENCES IN CONTRAVENTION OF R.C. 2929.14.
Defendant argues that the imposition of consecutive maximum sentences was disproportionate to the seriousness of his crime. The State maintains that the trial court properly sentenced the defendant within the broad discretion afforded to it. We agree.
Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Nichols(Mar. 2, 2000), Cuyahoga App. No. 75605, 75606, unreported; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118, unreported; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citing State v. Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute, however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759, unreported.
Here, at the sentencing hearing, the trial court stated the following in pertinent part:
 I am doing this, quite frankly, because what you have done is the worst form of the offense, and because I think that unless you turn your life around, as you say you are, you are somebody who is going to keep committing crimes.
 You got out of the penitentiary on October 2 of last year, and on October 27th, you were already out on the streets, under post-release control, selling drugs, and you sell these drugs to a so-called undercover confidential informant.
* * *
 And incidentally, this occurs in a residential neighborhood at 118th and Continental. So as far as I am concerned, selling drugs on the streets in a residential neighborhood is the worst form of drug trafficking, and doing it in such a period of time after you get out of the penitentiary, while you are on post-release control, compounds it even more. I cannot think of anything worse than that.
 I think your criminal record here, which shows that you have been to the penitentiary twice, and you are only 24 years old. You were confined as a juvenile at OBYS, that these offenses in the past have included some very serious offenses, including assault on a peace officer, discharging a firearm into a habitation, not to mention one prior drug trafficking offense as a juvenile
* * *
 But the reason I would send you to the penitentiary on consecutive sentences is that I also think that the record indicates here, in terms of public protection, that as much time as you can be locked up is necessary for public protection. I don't think that two years is disproportionate to the seriousness of what you've done * * * Based on your past record of arson, firing a gun into a residence, and an assault on a peace officer, I think you are a menace to society. You have been a menace to society.
* * *
 I will state again for the record, the reason I am doing this is you committed this crime while you were on post-release control.
 I think your past criminal record, your behavior here, indicates to me that one year is not enough to protect the public from your activities. And I will say again, I do not think that two years is disproportionate to being a danger to the public and [the] seriousness of what you've done in selling these drugs within three weeks of the time you were released from the penitentiary, in a residential neighborhood.
The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(E)(4) when imposing consecutive sentences. First, the court was required to find that consecutive service is necessary to protect the public from future crime or to punish the offender. (Emphasis added). Here, the trial court stated that the reason I would send you to the penitentiary on consecutive sentences is that I also think that the record indicates here, in terms of public protection, that as much time as you can be locked up is necessary for public protection. (Tr. 34). The trial court also stated that I think your past criminal record, your behavior here, indicates to me that one year is not enough to protect the public from your activities." (Tr. 36). Finally, the trial court specifically noted that the defendant had to be punished. (Tr. 35). Although the court did not recite verbatim from the statute, it did specifically find that, based on defendant's history of criminal activity, consecutive service was necessary to protect the public from defendant's activities and punish him. This is sufficient to comply with the statute. See State v. Garrett, supra.
Second, the court was required to find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. (Emphasis added). Here, the trial court stated that I don't think that two years is disproportionate to the seriousness of what you've done. (Tr. 34). The trial court also stated that consecutive service was not disproportionate to being a danger to the public and [the] seriousness of what you've done in selling these drugs * * * in a residential neighborhood. (Tr. 36). Finally, the trial court noted that defendant was a menace to society. (Tr. 34). Thus, the trial court complied with the second part of the statute of well.
Finally, the court was required to find any one of the subsections of R.C. 2929.14(E)(4) to be present. Here, the trial court found that defendant was on post-release control at the time of the offenses and had a criminal record including juvenile convictions for drug trafficking, assault on a peace officer, and discharging a firearm into a habitation. Thus, the trial court adequately complied with R.C. 2929.14(E)(4)(C).
Accordingly, defendant's assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.